UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

# JS-6

| | | | |
|---|---|---|---|
| **Case No.** | **EDCV 25-2279 JGB (DTBx)** | **Date** | October 22, 2025 |
| **Title** | ***Tracey Minh Ngo Trust v. NewRez LLC et al.*** | | |

**Present: The Honorable**    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) DISMISSING Plaintiff's Complaint for Failure to Comply with Court Orders; (2) DENYING Pending Motions Dkt. Nos. 17, 18, 19 as MOOT; and (3) DIRECTING the Clerk of Court to Close the Case (IN CHAMBERS)**

On September 2, 2025, Plaintiff Tracey Ming Ngo Trust filed a complaint against Defendants NewRez LLC and Onslow Bay Financial, LLC, alleging violations of the Fair Debt Collection Practices Act and copyright infringement. ("Compl.," Dkt. No. 1.)  The Tracey Ming Ngo Trust appears to be represented by its Trustee Tung Thanh Doan, appearing pro se, and there is no indication that Doan is admitted to practice law or appear in this court. (Id. at 1.)  Thus, on September 3, 2025, the Court issued an Order to Show Cause ("OSC") as to why the case should not be dismissed, because Plaintiff, a trust, cannot appear pro se.  (Dkt. No. 9 (citing C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).)  The Court warned Plaintiff that failure to respond or retain counsel by September 26, 2025, would result in the matter being dismissed.  (Id.)  To date, Plaintiff has not responded to the Court's OSC nor retained counsel.

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders.  See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016).  Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b).  Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff failed to comply with the Court's OSC by the Court-ordered deadline.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order). The Court need not weigh these factors explicitly. See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate. Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency. See Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal). Plaintiff cannot appear in court pro se and has failed to retain counsel or respond to the Court's OSC without explanation. Plaintiff's failure to respond has also resulted in Defendants engaging in motion practice, filing a Motion to Strike because Plaintiff cannot represent itself. (Dkt. No. 17.) Additional delay will prejudice Defendants. See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."). Moreover, less drastic sanctions are not realistic. The Court has already issued an Order to Show Cause, which fulfilled its "obligation to warn the plaintiff that dismissal is imminent." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). "[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik, 963 F.2d at 1262 (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 132–33 (9th Cir. 1987)). In sum, the Court concludes that four of the five factors weigh in favor of dismissing this action in its entirety. See Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).

Accordingly, the Court **DISMISSES** Plaintiff's action for failure to comply with Court orders. Further, the pending motions, Dkt. Nos. 17, 18, and 24 are **DENIED AS MOOT**. Lastly, the Court **DIRECTS** the Clerk of Court to close the case. (JS-6)

**IT IS SO ORDERED.**